IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

COREY FOGG,

       Petitioner,

v.

MATTHEW MARSKE,

       Respondent.

OPINION AND ORDER

Case No.  19-cv-688wmc

---

Petitioner Corey Fogg is currently in the custody of the United States Bureau of Prisons at the United States Penitentiary, McCreary ("McCreary").[1]  Before the court for preliminary review is Fogg's petition for a writ of habeas corpus under 28 U.S.C. § 2241. On February 26, 2015, a jury in the District of Minnesota convicted Fogg of being a felon in possession of a firearm on May 30, 2014, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), 924(e).  *United States v. Fogg*, No. 14-cr-249-PJS-FLN-1, dkt. #84 (D. Minn.). On September 2, 2015, the district court sentenced him to 235 months' incarceration, after concluding that Fogg was subject to a mandatory 15-year enhancement under the Armed Career Criminal Act ("ACCA"), *see* 18 U.S.C. § 924(a)(2), based on three previous convictions for a violent felony.  *Id.*, dkt. #102.  Fogg challenged the ACCA enhancement in an appeal to the Court of Appeals for the Eighth Circuit, which denied his appeal and affirmed his sentence.  *United States v. Fogg*, 836 F.3d 951 (8th Cir. 2016).  Then Fogg filed

---

[1]  When Fogg filed his petition, he was incarcerated at the Federal Correctional Institution in Oxford, Wisconsin ("FCI Oxford").  Although Fogg's current confinement at McCreary renders venue in this court is improper, the court takes up this petition on its merits since venue is not jurisdictional.  *See Moore v. Olson*, 368 F.3d 757, 760 (7th Cir. 2004).

a motion to vacate under 28 U.S.C. § 2255, which was similarly unsuccessful. *Fogg*, No. 14-cr-249, dkt. #127.

In his petition before this court, Fogg seeks relief under *Rehaif v. United States*, -- U.S. --, 139 S. Ct. 2191 (2019), in which the Supreme Court held that the government must prove that the defendant knows he belongs to a group covered under the statute barring possessions of firearms to sustain a conviction under 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Fogg's petition is now before the court for a preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, which applies to petitions brought under § 2241. Rule 4 requires the dismissal of a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the reasons that follow briefly, the court will deny Fogg's petition since it is plain that he is not entitled to relief under *Rehaif*.

OPINION

Ordinarily, a federal prisoner challenging his conviction or sentence must do so on direct appeal or in a motion filed under 28 U.S.C. § 2255 in the district where he was convicted. *Unthank v. Jett*, 549 F.3d 534, 534-35 (7th Cir. 2008); *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A prisoner in petitioner's situation who has already filed a § 2255 motion also faces a second hurdle, allowing pursuit of relief under § 2241 only if he can satisfy the mandates of § 2255's so-called "savings clause" under 28 U.S.C. § 2255(e). To invoke the savings clause, a prisoner must show three things: (1) he is relying on a new statutory-interpretation case, rather than a constitutional case; (2) he is

relying on a retroactive decision that he could not have invoked in his first § 2255 motion; and (3) "[the] sentence enhancement [must] have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (citations omitted) (internal quotation marks omitted).

Fogg's petition satisfies the first element, since *Rehaif* involved statutory interpretation. There is also a legitimate question as to whether *Rehaif* is retroactive. On one hand, the Court of Appeals for the Eleventh Circuit concluded that *Rehaif* is not retroactive, and post-conviction relief under 28 U.S.C. § 2255 is not available. *See In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (holding that *Rehaif* did not announce a new rule of constitutional law, but rather clarified the requirements of 18 U.S.C. §§ 922(g), 924(a)(2)). On the other hand, the Seventh Circuit has not reached a conclusion on this specific question, and the government has conceded that *Rehaif* is a new substantive rule that applies retroactively on collateral review. *See Moore v. United States*, No. 20-cv-476-bbc, 2020 WL 4785432, at *2 (W.D. Wis. Aug. 18, 2020) (accepting that since *Rehaif* narrowed the scope of a federal criminal statute, that decision created a substantive rule that applies retroactively) (citing *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004)); *see also Boose v. Marske*, No. 17-cv-303-jdp, 2019 WL 4393077, at *2 (W.D. Wis. Sept. 13, 2019).

Yet the court need not resolve the question of retroactivity, since it is apparent that Fogg cannot show he suffered a miscarriage of justice. Fogg claims that he is actually innocent of violating § 922(g)(1) because the government did not prove he knew he was a

felon barred from possessing a firearm at the time of his alleged possession.  However, in

*Rehaif*, the Supreme Court held that:

> [I]n a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. We express no view, however, about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions not at issue here.

*Rehaif*, 139 S. Ct. at 2200.  The government does not need to prove that the defendant

knew that it was a crime to possess a firearm.  *Id.* at 2198; *United States v. Maez*, 960 F.3d

949, 954-55 (7th Cir. 2020).  Applying this statutory interpretation to Fogg's case, the

government's burden included proving beyond a reasonable doubt that Fogg knew, at the

time of the offense, he had "been convicted in any court of, a crime punishable by

imprisonment for a term exceeding one year."  § 922(g)(1).

Prior to trial, the government and Fogg entered into a stipulation that Fogg had

been convicted of at least one offense punishable by a term of imprisonment exceeding one

year, *and* that he was prohibited from possessing the firearm.  *Fogg*, No. 14-cr-249, dkt.

#116, at 274.  They reached this stipulation after the government filed a motion *in limine*

for admission of Fogg's 2005 felony conviction for possession of a firearm by an ineligible

person, and a separate 2005 felony conviction for attempted drive-by shooting.  *Id.*, dkt.

#61, at 8-11.  The government explained that it intended to introduce this evidence to

prove Fogg's knowledge and intent to possess the firearm.  *Id.*  This concession, along with

information in the record related to his criminal history, seriously undermines any

suggestion that the government would have had difficulty proving Fogg's knowledge of his

status.

4

In any event, the government's presentence filings remove any doubt as to whether it could prove Fogg's knowledge of his status.  In preparing for Fogg's sentencing, the parties heavily litigated whether Fogg's predicate convictions for the ACCA enhancement constituted a "violent felony" as defined by the ACCA.  Those predicate convictions were: a 1999 conviction for first-degree manslaughter, in violation of Minn. Stat. § 609.20, subd. 2; a 2009 conviction for simple robbery, in violation of Minn. Stat. § 609.24; and a 2005 conviction attempted drive-by shooting, in violation of Minn. Stat. § 609.66, subd. 1e.

Fogg has not mentioned *any* of these prior felonies, much less suggested how the government would not have been able to show that, in 2014, he was aware that he had been convicted of at least one felony punishable by more than one year.  Accordingly, the court sees *no* plausible basis to conclude a miscarriage of justice occurred.  *E.g., Maez*, 960 F.3d at 968 (PSR that showed multiple prior felony convictions and that defendant served more than one year in prison, underscored defendant's knowledge of his felon status when he possessed the firearm, which was sufficient for the government to meet its burden); *see also United States v. Hammond*, 996 F.3d 374, 395-96 (7th Cir. 2021) (no miscarriage of justice occurred despite the lack of an instruction related to defendant's knowledge, since defendant had several prior felonies, for which he received decades-long sentence). Accordingly, *Rehaif* provides Fogg no basis for relief under § 2241.

Under Rule 11 of the Rules Governing Section 2254 Cases (which can be applied to cases under § 2241 as well), the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner.  The question is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been

resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).  Since Fogg has failed to make a plausible argument that the government could not prove he was aware that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, the court will not issue petitioner a certificate of appealability.

## ORDER

IT IS ORDERED THAT:

1.  Petitioner Corey Fogg's petition under 28 U.S.C. § 2241 is DENIED.

2.  No certificate of appealability will issue.

    Entered this 2nd day of June, 2022.

                                    BY THE COURT:

                                    /s/
                                    _____
                                    WILLIAM M. CONLEY
                                    District Judge